IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| LACEY M. SIVAK, ) | |
| ) | |
| Petitioner, ) | Case No. CV 96-0056-S-BLW |
| ) | |
| v. ) | **CAPITAL CASE** |
| ) | |
| JOHN HARDISON, Warden, ) | **MEMORANDUM DECISION** |
| ) | **AND ORDER** |
| Respondent. ) | |
| _____ ) | |

The Court previously granted Petitioner's request to conduct limited discovery on Claims 5 and 6 in this capital habeas matter. Currently before the Court is Petitioner's Motion for Additional Discovery and Petitioner's renewed request for an evidentiary hearing on these claims.

For the reasons set forth more fully herein, Petitioner's Motion for Additional Discovery will be granted in part and denied in part. Petitioner's request for an evidentiary hearing will be denied.

## BACKGROUND

Petitioner was convicted of felony murder and originally sentenced to death for that crime in 1981, but he was resentenced to death three additional times–in 1983, 1988, and 1992–after remands from the state supreme court. State district court judge Robert Newhouse presided over the trial and each resentencing

**Memorandum Decision and Order - 1**

hearing.

In this proceeding, Petitioner alleges that Judge Newhouse "considered extra-record communications," which he did not disclose to Petitioner's attorneys, in the form of "telephone calls and letters from citizens who expressed their views as to the proper sentence" (Claim 5). (Docket No. 156, p. 18.) Petitioner also contends that he was deprived of his constitutional right to a fair and impartial sentencer, partly because of the manner in which the judge responded to Petitioner's allegation of *ex parte* contact (Claim 6). (Docket No. 156, p. 19.)

This Court recently denied Petitioner's motions for discovery and an evidentiary hearing on all claims except Claims 5 and 6. (Docket No. 279.) The Court granted Petitioner leave to conduct limited discovery on those claims so that he could develop the material facts, after which the Court would revisit whether an evidentiary hearing would be necessary. (Docket No. 279, pp. 19-21.) Petitioner has now deposed Judge Newhouse and his court clerk at the time of the first sentencing hearing, Glenda Longstreet, and he has filed a Submission of Additional Facts Re: Claims 5 and 6. (Docket No. 289.) Petitioner has also requested leave of court to take more depositions and to subpoena various documents. These matters are now are ripe for the Court's decision.

## AMENDMENT OF THE PETITION

**Memorandum Decision and Order - 2**

In his Submission of Additional Facts, Petitioner relies on new allegations of *ex parte* contact beyond his general claim that the state court judge received "telephone calls and letters from citizens." (Docket No. 156, p. 18.) Specifically, Petitioner now alleges that the judge engaged in the following contacts: (1) he had a brief exchange in his chambers with Petitioner's father, who asked him "why the hell don't you kill the son of a bitch?"; (2) he spoke on the telephone with a representative of the company that owned the gas station where the murder occurred; (3) he was informed by Ms. Longstreet that the brutality of the crime had made her favor the death penalty; and (4) he heard rumors that were circulating through the courthouse, including one that Petitioner had a sexual relationship with his own mother. (Docket No. 289, pp. 7-8.)

Respondent objects to the submission of these facts and argues that Petitioner is attempting to amend his Petition without first seeking leave of court, which he asserts should be denied at this late juncture. Petitioner counters that the new allegations fall within the same broad claim that the state court judge considered "extra-record communications concerning the appropriate sentence." Alternatively, Petitioner argues that he should be given leave to amend. The Court is persuaded by the latter argument.

An application for habeas relief may be amended "as provided in the rules of

**Memorandum Decision and Order - 3**

procedure applicable to civil actions." 28 U.S.C. § 2242. When a responsive pleading has been filed, as here, a party must receive the court's permission to amend, but leave shall be given "freely . . . when justice so requires." Fed. R. Civ. P. 15(a). While there is a strong policy in favor of allowing a party to amend, a district court retains the discretion to deny a request after considering factors such as bad faith, undue delay, prejudice to the opposing party, futility of the amendment, and whether the party has previously amended his pleadings. *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995). In exercising its discretion, "a court must be guided by the underlying purpose of Rule 15–to facilitate decision on the merits rather than on the pleadings or technicalities." *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981).

    Here, the Court does not find that Petitioner has acted in bad faith or has delayed the presentation of the new factual allegations, which he learned for the first time during the recent period of discovery, and the Court is unable to conclude that the amendment would be futile. Furthermore, the Court does not believe that Respondent will be seriously prejudiced from a minor amendment that includes more detailed facts in support of the same general legal claim. Therefore, within fourteen days of the date of this Order, Petitioner shall file an amended petition that includes the new factual support. Petitioner may also cure his typographical

**Memorandum Decision and Order - 4**

error listing the Seventh Amendment as the constitutional basis for Claim 5, rather than the Sixth Amendment. These are the only amendments that shall be allowed.

## MOTION FOR ADDITIONAL DISCOVERY

The Court next turns to Petitioner's request to expand the discovery that had been previously authorized on Claims 5 and 6. Petitioner now wishes to depose the presentence investigator and Judge Newhouse's subsequent court clerk. He also seeks access to the entire presentence investigation "file" and to sealed notes in the state district court case file. With the exception of Petitioner's request for access to the material in the state court case file, the Motion will be denied.

It is well-settled that a habeas petitioner is not entitled to discovery as a matter of course. *Bracy v. Gramley*, 520 U.S. 899, 908-09 (1997). Instead, Rule 6(a) of the Rules Governing Section 2254 Cases gives a district court the discretion to permit discovery upon a showing of good cause, and, if allowed, the court may limit the scope and extent of that discovery. *Id.*

Petitioner attempts to show good cause here by arguing that the requested discovery might reveal more off-the-record contact, such as calls and letters that were channeled to the presentence investigator. The Court finds this argument to be speculative. While it is true that Judge Newhouse and Ms. Longstreet have testified that, as a general chambers rule, any correspondence related to sentencing

**Memorandum Decision and Order - 5**

would have been diverted to the presentence investigator, neither witness had a specific recollection that letters, telephone calls, or other communications were actually diverted in that manner in this case.

Moreover, even if such contact had been forwarded to the presentence investigator, Petitioner must still be able to demonstrate that it was then re-routed to the judge or otherwise considered by him without being made available to Petitioner's attorneys.  *See Gardner v. Florida*, 430 U.S. 349, 362 (1977) (a capital defendant is "denied due process of law when the death sentence was imposed, at least in part, on the basis of information which he had no opportunity to deny or explain").  Petitioner has provided no reason to believe that taking more depositions or reviewing the entire presentence investigation file will yield this type of information, and the Court finds his request to be lacking in good cause.[1] *See Rich v. Calderon*, 187 F.3d 1064, 1067 (9th Cir. 1999) (a habeas petitioner is not entitled to discovery to "explore [his] case in search of its existence") (citation omitted).

Petitioner's request for access to the sealed notes in the state district court file presents a slightly different issue.  Though the precise nature of this material is

---

[1] For example, Petitioner's counsel have not indicated whether they have attempted to contact the presentence investigator informally to inquire if she has an independent recollection of receiving contact from the public in the Sivak case and, if so, whether she provided such contact to the judge outside of the presentence investigation report.

**Memorandum Decision and Order - 6**

unclear, Respondent has not explained why a habeas petitioner in a capital case should be prevented from reviewing documents in the state court file, and the Court finds the burden of disclosure to be minimal.  Accordingly, Petitioner is authorized to conduct discovery under the Federal Rules of Civil Procedure to obtain access to this material.

## RENEWED MOTION FOR AN EVIDENTIARY HEARING

The Court previously denied Petitioner's Motion for an Evidentiary Hearing on Claims 5 and 6 without prejudice, subject to reconsideration after Petitioner had an opportunity to develop the facts through limited discovery.  (Docket No. 279, pp. 19-21.)  Petitioner asserts that disputed issues of material fact still exist, particularly with respect to his claim of *ex parte* communication, and that an evidentiary hearing is necessary to resolve these matters.  The Court disagrees.

First, aside from offhand statements in a 1982 newspaper article, Petitioner has simply failed to unearth any evidence that Judge Newhouse actually received, considered, and relied on numerous "telephone calls and letters" from the general public about the appropriate sentence in this case, or that there is a reasonable probability that such evidence may be developed through additional discovery and an evidentiary hearing.  Judge Newhouse's testimony under oath on this subject in this proceeding is consistent in all material respects with the statements that he

**Memorandum Decision and Order - 7**

made on the record throughout the state court matter.  And while Petitioner suggests that he should be given an opportunity to impeach the judge's credibility at an evidentiary hearing, he has not proffered any evidence upon which such impeachment would be based.  Petitioner's argument that a triable issue of fact exists regarding whether Judge Newhouse's clerk screened all of his telephone calls is not persuasive, and, in any event, goes to a minor issue.

Second, while Judge Newhouse has now admitted that a few specific instances of off-the-record contact did occur, such as the exchange in chambers with Petitioner's father, Respondent does not appear to dispute these matters factually and instead argues that they will not support habeas relief as a matter of law.  (Docket No. 290, p. 4.)  An evidentiary hearing is unnecessary when the material facts are not in dispute and a claim can be resolved as matter of law.  *See Hendricks v. Vasquez*, 974 F.2d 1099, 1103 (9th Cir. 1992).  Likewise, Petitioner has not shown that any material facts remain to be developed with respect to the judicial bias claim.

The Court will reserve its ruling on the merits of Claims 5 and 6 until after the parties have had an opportunity to brief the merits of all non-dismissed claims, in accordance with the scheduling order to follow.

## ORDER

**Memorandum Decision and Order - 8**

NOW THEREFORE IT IS HEREBY ORDERED that Petitioner's request to amend his Petition is GRANTED. Within 14 days of the date of this Order, Petitioner shall file an amended petition, as set forth above.

IT IS FURTHER ORDERED that Petitioner's Motion for Additional Discovery (Docket No. 289) is GRANTED in part and DENIED in part. Petitioner is authorized to conduct discovery under the Federal Rules of Civil Procedure to obtain access to sealed notes in the state district court case file. All other discovery requests are denied.

IT IS FURTHER ORDERED that within 45 days of the date of this Order, Petitioner shall file a brief on the merits of all non-dismissed claims. Within 45 days of receiving Petitioner's brief, Respondent shall file a responsive brief. Within 21 days of receiving Respondent's brief, Petitioner may file a reply.

DATED: **July 31, 2006**

B. LYNN WINMILL
Chief Judge
United States District Court

**Memorandum Decision and Order - 9**